# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. ELH-19-0159 |
| | * | |
| XAVIER LEE, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## CONSENT MOTION TO EXCLUDE TIME
## PURSUANT TO 18 U.S.C. § 3161(h)(7) *NUNC PRO TUNC*

The United States, with the consent of counsel for the Defendant, hereby requests, pursuant to 18 U.S.C. § 3161(h)(7), a *nunc pro tunc* order to exclude the time period **starting March 15, 2019 and ending November 26, 2019** in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c), and in support thereof submits the following:

1. On March 15, 2019, Xavier Lee was charged by criminal complaint, with one count of Interstate Travel and Use of Interstate Facilities to Promote Business Enterprise involving Prostitution Offenses, in violation of 18 U.S.C. § 1952(a)(3). (*See* ECF No. 1.)

2. On March 28, 2019, a federal grand jury in the District of Maryland returned a one-count Indictment that charged the Defendant with Interstate Travel and Use of Interstate Facilities to Promote Business Enterprise involving Prostitution Offenses, in violation of 18 U.S.C. § 1952(a)(3). (*See* ECF No. 14 (Indictment).)

3. The Defendant had an Initial Appearance and Arraignment on the Indictment on April 23, 2019.

4. On April 24, 2019, the Court ordered that defense motions were due on May 14,

1

2019 and that a conference call between the Court and parties was scheduled for May 23, 2019. (*See* ECF No. 21.)

5. On May 14, 2019, the Defendant filed an unopposed request that the motions deadline be tolled. (*See* ECF No. 22.) The Court granted that request the same day. (*See* ECF No. 23.)

6. On May 22, 2019, counsel for the parties contacted the Court's chambers to advise that the parties intended to request to report status further in 30 days. Thereafter, the May 23, 2019 conference call was taken off the calendar and a new conference call with the Court and counsel for the parties was scheduled for June 26, 2019.

7. On May 23, 2019, government counsel filed a motion on consent to exclude the time period **starting March 28, 2019 and ending June 26, 2019** in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c) (*See* ECF No. 25.) The Court granted that request the same day. (*See* ECF No. 26.)

8. On June 25, 2019, government counsel advised the Court via electronic mail which included defense counsel that the parties were engaged in potential plea discussions and intended to request to report further status in sixty days. The Court agreed to then take the scheduled June 26, 2019 conference call off the calendar.

9. On June 26, 2019, government counsel filed a status letter discussing the information already provided in the June 25, 2019 email. (*See* ECF No. 28.) Concurrently with the filing of the status letter on June 26, 2019, government counsel filed a motion on consent to exclude the time period **starting June 26, 2019 and ending August 26, 2019** in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c) (*See* ECF No. 29). The Court granted that request the same day. (*See* ECF No. 31.)

10. On August 26, 2019, government counsel filed a status report requesting to report further status by September 26, 2019. (*See* ECF No. 34.) Concurrently with the filing of the status letter on June 26, 2019, government counsel filed a motion on consent to exclude the time period **starting August 26, 2019 and ending September 26, 2019** in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c) (*See* ECF No. 35). The Court granted that request on September 12, 2019. (*See* ECF No. 37.)

11. On September 26, 2019, government counsel filed another status report requesting to report further status by October 25, 2019. (*See* ECF No. 40.) On the same day, government counsel filed a motion on consent to exclude the time period **starting September 26, 2019 and ending October 25, 2019**. (*See* ECF No. 41.) The Court accepted the status report and granted the consent speedy trial clock motion. (ECF Nos. 42 & 43.)

12. Via a status letter filed concurrently with this motion, the parties have requested to report further status in by **November 26, 2019** due to the parties agreeing that further and continued plea negotiations could resolve this case pretrial.

13. The Speedy Trial Act requires a trial within 70 days of a defendant's indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act also provides for various circumstances under which time may be excluded from the speedy trial computation—for example, upon a finding by the Court that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). The Defendant consents to the relief requested herein.

14. The parties have engaged in productive dialogue concerning the evidence in this case, discovery, and potential pretrial resolution. Indeed, a written plea offer has been extended to the Defendant, and the parties have discussed potential resolutions in addition to said plea offer.

15. The parties represent that the ends of justice will be served by tolling the Speedy Trial Act clock. Such an exclusion serves the interests of justice and outweighs the interests of the public and Defendant in a speedy trial, for at least two reasons. First, the requested exclusion will allow the parties sufficient time to process discovery, evaluate all evidence, conduct further dialogue about the case, and to prepare any pretrial motions, should such motion practice be necessary. And second, the exclusion will allow the parties to continue plea negotiations with the hope of avoiding the need for trial.

16. As discussed and detailed above, the circumstances of this case permit a delay and a continuance of the trial date beyond the seventy-day time frame. Section 3161(h)(1)(9) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

17. Additionally, "delays resulting from plea negotiations" are excludable as delays "resulting from other proceedings concerning the defendant" within the meaning of § 3161(h)(1). *United States v. Ford*, 288 Fed. App'x 54, 57-58 (4th Cir. 2008) (citing 18 U.S.C. § 3161(h)); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987); and *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)). *See also United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) (holding time spent on plea negotiations were excludable as "other proceedings," within the meaning of § 3161(h)(1)) (citing *Bowers* and *Montoya*, among other cases, in support).

18. In light of the foregoing facts, the ends of justice will be served by excluding the time period **starting March 15, 2019 and ending November 26, 2019** in computing the time

within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and the Defendant in a speedy trial.

**WHEREFORE**, the Government, with consent of the Defendant in this matter, respectfully requests that the Court exclude, *nunc pro tunc*, the time **starting March 15, 2019 and ending November 26, 2019** under the Speedy Trial Act, in conformance with the draft order that is submitted herewith.

        Respectfully submitted,
        Robert K. Hur
        United States Attorney

By: _____/s/_____
        Daniel A. Loveland, Jr.
        Ayn B. Ducao
        Assistant United States Attorneys
        36 South Charles Street
        Fourth Floor
        Baltimore, MD 21201
        (410) 209-4800

Electronically served via ECF filing.