IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. ELH 19-0159 |
| XAVIER LEE | : | |

## **MEMORANDUM AND ORDER**

Xavier Lee has filed a motion for reconsideration of his detention order due to the current pandemic outbreak of COVID-19. ECF 82. After being charged by complaint with Use of Interstate Facilities to Promote Prostitution, 18 U.S.C. 1952(a)(3), Defendant was indicted in a superseding indictment alleging Production of Child Pornography, Child Sex Trafficking and related offenses. ECF 1, 53. At his initial appearance on the complaint (prior to the indictment alleging more serious offenses) a detention hearing was held and the Defendant was released on conditions. ECF 9. A superseding indictment was returned on December 11, 2019. ECF 53. A hearing was held on a motion to revoke release on January 3, 2020. ECF 65. An order of detention was entered and Defendant has been detained at CTF since that time. At the January 3, 2020 hearing, I made detailed findings of fact on the record, which were supplemented and summarized in the Court's Order. ECF 66. The government also presented evidence of Defendant violating conditions of release by contacting two victim/witnesses in the case for the purpose of engaging in sex acts during his supervision. I found by clear and convincing evidence that no conditions or combination of conditions exist that would ensure the safety of the community. I fully adopt and incorporate those findings now in this Order. I have carefully reviewed the pleadings filed in this motion and the supplemental filings of Defendant's counsel. For the reasons set forth previously on the record as well as in this Order, the motion is DENIED.

In his motion, Defendant does not mount any real challenge to the underlying facts of this case. The Defendant accepts the facts as found at the hearing revoking his release. The government has provided the Court with a more detailed factual statement that clearly indicates that Defendant

was engaged in the production of child pornography and sex trafficking. The Court is not persuaded by the argument that the 15 year-old victim was the girlfriend of Defendant. The Court is also not persuaded by the argument that sex trafficking of minors and production of child pornography is not a violent crime. I am also not persuaded that Defendant turned to sex trafficking and the related offenses because he lost his job. The evidence presented by the government clearly supports detention and the Court's prior finding that by clear and convincing evidence, Defendant is a threat to public safety. Evidence of Defendant's illicit conduct dates back to 2013. I also credited the government's account that Defendant had contact with two of the victim/witnesses in violation of his release, when he was previously on release. Therefore, with respect to the motion to reconsider the Court's analysis of the previous factors argued under 18 U.S.C. 3142(g), the motion to reconsider detention is DENIED.

The remaining issue for the Court to decide is whether the impact of the present COVID-19 outbreak in some way mitigates the need for detention. And put more simply, is the safety of the community better served while Defendant is detained or released due to the pandemic. Defendant alleges that the current outbreak of COVID-19 and positive tests of specific detainees at CTF, where he is housed, demonstrate that Defendant is at a higher risk of infection while detained. The Defendant does not allege he has any specific medical risk factors such as asthma or other lung disease but has filed this motion for release solely based upon the greater risk of exposure and contraction of COVID-19 for persons in detention facilities.

This Court will treat the motion as a motion for reconsideration due to the changed circumstances of the COVID-19 outbreak. 18 U.S.C. 3142(f). My decision is an individualized assessment of Xavier Lee, the motion and response, the record in this case and the arguments contained therein.

This Court has acknowledged and continues to acknowledge the tragic effects of the COVID-19 outbreak in our communities and at our detention facilities. The Court is constantly monitoring the conditions of persons who are detained at CDF and the DOC facilities in the District of Columbia. The outbreak of COVID-19 does not however relieve the Court of its responsibilities to ensure the presence of the Defendant at trial and more importantly, the safety of the community. 18 U.S.C. 3142.

In evaluating the COVID-19 change of circumstances, I incorporate other decisions of this Court, (*United States v. Martin,* 2020 WL 127857 (D.Md. March 17, 2020)) and its progeny of Orders set forth in the government's response, and most recently *United States v. Malik Gibson-Bey,* RDB 19-563. I fully adopt the reasonings and rulings of those Opinions and incorporate them into this Memorandum and Order as to Xavier Lee. The Orders of this Court discuss the precautions and measures being taken by the facilities to safeguard the detainees and prevent the spread of disease. While having persons detained during a pandemic is not optimal, I find, as prior Judges of this Court have found, that the measures taken by the DOC at CTF are reasonable under the circumstances and the allegations raised by Defendant do not rise to the level of a constitutional violation of Due Process under the 5th Amendment.

The Defendant has offered his aunt as a third party custodian and would consent to 24/7 lockdown on home detention. He does not provide any information to the Court regarding the residence, who else may be present, whether anyone is medically more susceptible to COVID-19, whether it is possible to self-quarantine or even socially distance himself. As to home detention, I have been advised by Probation and Pretrial Services that acceptable location monitoring is no longer available due to the risks to pretrial services personnel. Even if those conditions existed, this Defendant, who is charged with production of child pornography, sex trafficking of minors and

other related offenses is not a candidate for home detention. It is also noteworthy that there was credible evidence he previously violated his release as well.

In weighing the evidence presented by the government as to the response of CTF to the COVID-19 outbreak, I find that releasing Defendant to home detention with Pretrial Supervision by clear and convincing evidence does not ensure the safety of the public. The new circumstances of COVID -19 are but one factor to consider in ensuring the safety of the community. I have fully considered the impact of COVID-19. The generalized risk factors Defendant presents do not outweigh the factors I have previously found requiring detention. In addition, while access to counsel may be a separate argument, it is not a factor for the Court's determination under 18 U.S.C. 3142(g).

Accordingly, the motion (ECF 82) is DENIED.

So Ordered this 3rd day of April, 2020.

/s/
A. David Copperthite
United States Magistrate Judge