IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Case No. 19-159-ELH |
| | : | |
| XAVIER LEE | : | |
| | : | |
| Defendant | : | |

### SUPPLEMENT TO DEFENDANT'S MOTION FOR PRETRIAL RELEASE TO ATTEND DEFENDANT'S MOTHER'S FUNERAL

COMES NOW the Defendant by and through his attorney, Michael E. Lawlor, and respectfully files, per the Court's request, this Supplement to his prior motion asking that this Honorable Court modify the conditions of release and permit the Defendant to attend his mother's funeral. In support of this motion, counsel states as follows:

1. The Court has authority to release Mr. Lee. The Court in *U.S. v. Kenney*, 2009 WL 5217031 (D. Me. Dec. 30, 2009). There, like here, the defendant had pled guilty and was pending sentencing. As such, the Court found that the analysis was appropriate under 18 U.S.C. 3145(c), which reads:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

1

The court noted that sections 3145(c) and 3143 both mandate "that the defendant demonstrate "that the person is not likely to flee or pose a danger to the safety of any other person or the community." *Id.* at *2.

Mr. Lee can be released as he can demonstrate that he will not flee and is not a danger to the community. Mr. Lee has accepted responsibility in this case. His prior criminal convictions are a driving offense and a non-payment of child support case. He and undersigned counsel are actively preparing for sentencing and Mr. Lee understands how, if he were released, any violation would be affecting his sentencing. He is from Maryland, living here since age five, and has family here in Maryland. His mother's death is the third family member to die since Mr. Lee was detained. The undersigned has assisted Mr. Lee in viewing the prior funerals of his two aunts (via Zoom/Facebook).

2. The undersigned spoke to Marshal Sterling Johnson. Mr. Johnson informed undersigned that (a) the USM does not accompany detainees to funerals. This is a policy position based on a prior incident. (b) If the Court were to "furlough" Mr. Lee, the Court would order the USM to release him from the Court. (c) because the funeral is on a Saturday, Mr. Lee would need to be ordered released from the Courthouse on Friday evening to return Sunday morning.

3.  Mr. Lee's third-party custodian is his sister, Rita Bowers.  She has spoken to pre-trial services and they are submitting a supplemental report.  If released, Ms. Bowers will provide for Mr. Lee's transportation, transport him to the funeral services and provide him with housing if his furlough is overnight.  Ms. Bowers will be in attendance at the hearing on August 13.

Respectfully submitted,

s/_____
Michael E. Lawlor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2021, a copy of the foregoing motion was sent to the United States Attorney's Office for the District of Maryland, via ECF.

                                            s/_____
                                            Michael E. Lawlor